Dear Commissioner LeBlanc:
You question whether or not the Louisiana Department of Transportation and Development (DOTD) and the City of New Orleans, through the Public Belt Railroad Commission (Railroad) may agree to share liability of claims for damages. The proposed agreement does not include an allocation of fault. The parties will simply pay a specified amount with absolutely no regard to their fault. In short, we believe that the proposed agreement is in conflict with the Louisiana Constitution.
DOTD and the Railroad entered into an agreement in 1932. This original agreement provided that the state and the Railroad would construct, maintain and operate a combination highway and double track railroad bridge in Jefferson Parish. Pursuant to the agreement, the entire bridge and approaches are owned by the Railroad but DOTD has possession of the highway section of the bridge and approaches in perpetuity.
In 1936 DOTD and the Railroad entered into a joint maintenance agreement. DOTD agreed to pay forty percent (40%) of the maintenance costs and the Railroad agreed to pay sixty percent (60%) of the maintenance costs. In 1954 the parties revised the joint maintenance agreement and this agreement has continued on a year-to-year basis.
DOTD and the Railroad, in light of proposed reconstruction and expansion of the highway and bridge, are considering entering into an interim joint maintenance agreement to provide for maintenance and liability costs associated with the management and repair of the bridge during this reconstruction and expansion period.
Although the Louisiana Constitution allows the state and its political subdivisions to enter into cooperative endeavor agreements with each other, there are three requirements that must be met in order to have a constitutionally sound agreement. The three requirements are: (1) the state or political subdivision must be authorized to spend the funds at issue; (2) the agreement must benefit the public; and (3) the costs must be proportionate to the benefit. All three of these requirements must be met.
Article 7, Section 14 of the Louisiana Constitution prohibits the state or one of its political subdivisions from donating, loaning or pledging public funds. This Article is violated when the state gives up something of value when it is under no obligation to do so.[1] It is important to recognize that a cooperative endeavor agreement, although listed as a separate subsection of Article 7, Section 14, is not an exception to the general prohibition against donating public funds. The state must still be authorized to spend the funds of issue, i.e., the first requirement for a valid cooperative endeavor agreement.
We must first decide if the state is authorized to pay damages in a claim when it is not responsible for the damages or if the state is authorized to pay more than its allocated portion of fault. Generally, a public entity may not assume liability for damages arising out of injuries or property damage caused by the negligence of anyone other than the public entity, its employees, or agents. Such an agreement is contrary to the public policy of the state of Louisiana.[2] Although at first glance this general prohibition appears not to apply to this proposed agreement because of an exception with respect to intrastate intergovernmental contracts, there is a separate statute dealing specifically with roads, bridges and ferries that dictates otherwise.[3] La. R.S. 48:251.7 specifically provides that DOTD may not assume liability for damages arising out of injuries or property damage to contracting parties or third parties that are caused by the negligence of anyone other than DOTD, its employees or agents. Again the law provides that such an agreement is contrary to the public policy of the state of Louisiana. There is no exception that applies to this proposed agreement in the statute.[4] Accordingly the first requirement for a constitutionally sound cooperative endeavor agreement cannot be met. DOTD is not authorized to assume liability for damages caused by the negligence of another party. In fact, the law specifically prohibits DOTD from doing so. To do otherwise violates La. R.S. 48:251.7 and is tantamount to a donation of public funds which is expressly prohibited by the constitution. DOTD is not authorized to assume liability for those damages caused by anyone other than itself, its employees or agents.
We trust that this responds to your request. If you have any additional questions, please contact our office.
With kindest regards,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
[1] City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983).
[2] La. R.S. 38:2195.
[3] La. R.S. 38:2195C.
[4] La. R.S. 48:251.7.